[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11930

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRAIG SIZER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20715-BB-1

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Craig Sizer, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release and the denial of his motion for reconsideration of that order because the district court did not wait for him to reply to the Government's response before denying the motion for compassionate release.[1]  The Government responds by moving for summary affirmance, arguing Sizer abandoned any argument regarding the district court's finding he was not entitled to compassionate release, the district court properly found that Sizer did not present extraordinary and compelling reasons for granting release, and the district court did not abuse its discretion in denying Sizer's motion before he replied to the Government's response.  After review,[2] we affirm the district court.

The local rules for the Southern District of Florida provide that a reply to a response opposing a motion must be filed within seven days after the response is filed and served.  S.D. Fla. Local Rule 7.1(c)(1).  Time is computed in accordance with the applicable

---

[1] We do not address Sizer's arguments regarding the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct his sentence as that issue is addressed in a separate appeal.

[2] We review a district court's application of its local rules for an abuse of discretion.  *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015).  We review the denial of a motion for reconsideration for abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

federal rules of procedure. *Id.* Under the Federal Rules of Criminal Procedure, a party who receives service by mail has an additional three days to file a reply. *See* Fed. R. Crim. P. 45(c) (providing an additional three days to respond for parties who receive service by mail under Rule 49(a)(4)(C)). When a party serves his opponent by mail, service is complete upon mailing. Fed. R. Crim. P. 49(a)(4)(C). We "will not typically second-guess the district court's interpretation of its own Rule regarding timeliness in an effort to avoid undermining the goal of those standards that local rules seek to establish." *United States v. McLean*, 802 F.3d 1228, 1247 (11th Cir. 2015) (quotation marks and alterations omitted).

The Government is clearly correct as a matter of law that the district court did not abuse its discretion in denying Sizer's motion for compassionate release before Sizer replied.[3] *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[4] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). Under the

---

[3] Sizer does not argue on appeal that the district court erred in finding he did not state extraordinary and compelling reasons for his release, so he abandoned any argument regarding that finding. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating we review *pro se* pleadings liberally, but issues not briefed on appeal are abandoned).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

district court's local rules, Sizer had ten days to file a reply from the time the Government mailed its response. S.D. Fla. Local Rule 7.1(c)(1); Fed. R. Crim. P. 45(c); Fed. R. Crim. P. 49(a)(4)(C). And 15 days passed from May 10th, when the Government mailed its response, until May 25th, when the district court entered its order. The district court did not apply an incorrect legal standard or make a clear error of judgment in applying its local rule on timeliness and deciding to rule on Sizer's motion without his reply. *See McLean*, 802 F.3d at 1233.

And the district court did not abuse its discretion in denying the motion for reconsideration because there was no evidence the arguments presented in Sizer's reply brief would have changed the outcome of his motion for compassionate release. His proposed reply discussed the sentencing disparities with his codefendants and his rehabilitation, which the district court had already found were not extraordinary and compelling reasons for compassionate release because they were not recognized under § 1B1.13. U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1248, 1263, 1265 (11th Cir. 2021). Therefore, his reply would not have changed the outcome of the court's order.

Accordingly, because the Government's position is clearly correct as a matter of law, we GRANT the motion for summary affirmance and AFFIRM the district court's denial of Sizer's motion for compassionate release and the denial of his motion for reconsideration of that order. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**